```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRADLEY GOOD et al.,                  :    CIVIL ACTION
                                      :    No. 14-4295
        Plaintiffs,                   :
                                      :
     v.                               :
                                      :
NATIONWIDE CREDIT, INC.,              :
                                      :
        Defendant.                    :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              October 24, 2014

Plaintiffs Bradley Good and Edward Soucek bring this suit against Defendant Nationwide Credit, Inc., alleging that it sent them collection notices including language that is false, deceptive, or misleading under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Defendant has moved to dismiss the complaint and, for the reasons that follow, the Court will deny the motion.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 9, 2013, Defendant sent Plaintiff Soucek a dunning letter on behalf of GE Capital Retail Bank offering Soucek the opportunity to settle his account of $613.03 for $183.90, representing a savings of $429.13. Compl. Ex. A. The letter also included the following language: "GE CAPITAL RETAIL

BANK is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions." Id. On December 10, 2013, Defendant sent Plaintiff Good a letter on behalf of American Express inviting him to pay off his account balance of $10,094.47. Id. Ex. B. The letter included the following language: "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions." Id. Plaintiffs claim that this language is false, deceptive, and misleading, id. ¶¶ 24, 26, and that it constitutes a "collection ploy," id. ¶ 26, all in violation of the FDCPA, id. ¶ 36.

On July 14, 2014, Plaintiffs commenced this action by filing a complaint in federal court. The complaint alleges one count, that the collection letter violates the FDCPA, and requests statutory damages as provided for under 15 U.S.C. § 1692k(a). Compl. at 7.[1]

---

[1] Plaintiffs also included a "Class Allegations" section within the complaint, proposing a class including "[a]ll persons with addresses in the Commonwealth of Pennsylvania" "who were sent one or more collection letter(s) from Defendant" that included the challenged statement or a "substantially identical statement." Compl. ¶ 28. Class certification is not at issue in this motion to dismiss and will be addressed subsequently.

2

On September 5, 2014, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), to which Plaintiffs responded on September 22, 2014. The motion is ripe for disposition.

**II. STANDARD OF REVIEW**

When considering a party's motion to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks removed). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**III. DISCUSSION**

    A.    <u>The Fair Debt Collection Practices Act and the Requirement to Report a Discharge of Indebtedness</u>

Congress's purposes in enacting the FDCPA were "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692. Plaintiffs claim that Defendant violated § 1692e and e(10).

The relevant provisions of § 1692e read as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§ 1692e. Plaintiffs allege that the challenged statements are false, deceptive, and misleading under § 1692e and e(10), in part because they fail to accurately state the law with respect to filing 1099-C forms with the Internal Revenue Service ("IRS"). Compl. ¶¶ 15-25.

The law requiring 1099-C filings is codified in the Internal Revenue Code, stating:

> (a) In general. Any applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall make a return (at such time and in such form as the Secretary [of the Treasury] may by regulations prescribe) setting forth-
>> (1) the name, address, and [Taxpayer Identification Number] of each person whose indebtedness was discharged during such calendar year,
>>
>> (2) the date of the discharge and the amount of the indebtedness discharged, and
>>
>> (3) such other information as the Secretary may prescribe.

5

>  (b)  Exception. Subsection (a) shall not apply to any discharge of less than $600.

I.R.C. § 6050P. The related IRS regulation fleshes out the requirements of § 6050P in more detail. It states:

> Except as provided in paragraph (d) of this section, any applicable entity (as defined in section 6050P(c)(1)) that discharges an indebtedness of any person (within the meaning of section 7701(a)(1)) of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. Solely for purposes of the reporting requirements of section 6050P and this section, a discharge of indebtedness is deemed to have occurred . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section . . . .

26 C.F.R. § 1.6050P-1(a)(1). The parties do not dispute that Defendant is an "applicable entity" under I.R.C. § 6050P(c)(1) or that Plaintiffs are "persons" under § 7701(a)(1). In addition, the regulation defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F). The regulation lists seven other types of qualifying identifiable events. See § 1.6050P-1(b)(2) (including, notably, discharges of indebtedness due to bankruptcy). As indicated in the above-quoted language, the regulation excepts certain situations from its reporting requirement. These seven exceptions include, <u>inter alia</u>, bankruptcy discharges, interest discharges, and

6

discharges, "[i]n the case of a lending transaction," of amounts "other than stated principal." § 1.6050P-1(d).

### B. Analysis

Against this legal backdrop, Plaintiffs allege that the statement Defendant included in its letters is improperly unqualified and fails to mention any of the § 1.6050P-1(d) exceptions. Compl. ¶¶ 15-25. In addition, Plaintiffs claim the statement is a "collection ploy"--that is, "a deception which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more." Id. ¶ 26. Defendant argues in response that Plaintiffs have failed to state a claim on which relief could be granted because: (1) the statement is true in that it accurately reflects controlling law, Mot. Dismiss 9-10; (2) the statement is neither deceptive nor misleading, id. at 10-18; (3) even if the statement is false or misleading, it is not material, id. at 18-21; and (4) Plaintiff Good has no claim, since he owed more than $600 in principal, rendering the statement literally true with respect to him, id. at 21-22. The Court will assess each of these arguments in turn.

1. <u>The Statement Is Not True in the Sense that It Fails To Accurately Reflect Controlling Law</u>

Defendant asserts that the statement indicating the creditor is "required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" accurately reflects the statutory and regulatory language. Specifically, Defendant argues that the statute only refers to one exception, related to discharges of less than $600, <u>see</u> Mot. Dismiss 9 (quoting I.R.C. § 6050P), and that the regulation's text supports this, <u>see id.</u> at 10 ("[A]ny applicable entity . . . that discharges an indebtedness of any person . . . of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service." (quoting 26 C.F.R. § 1.6050P-1(a)(1))). This oversimplifies the issue, for two reasons. First, the statute cannot be considered apart from the regulation. The challenged statement does not distinguish between these authorities; instead, it merely states what is "required"--presumably by all applicable laws. The regulations promulgated by the Treasury Department at the behest of Congress are as legally relevant as the statute. Second, Defendant neglects to include the exceptional language when it quotes from the regulation. <u>See</u> 26 C.F.R. § 1.6050P-1(a)(1) ("<u>Except as provided in paragraph (d) of this section</u>, any applicable entity . . . that discharges an indebtedness of any

8

person . . . of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service." (emphasis added)). Clearly, the challenged statement--which fails to notify the reader that any exceptional circumstances might apply--does not simply and faithfully record the applicable law. While it may not be false in all respects, it certainly is not completely true. See Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 154 (3d Cir. 2013) (vacating district court's grant of judgment on the pleadings in an FDCPA case where "the collection agency did not effectively convey certain statutorily required information to the consumer" (internal quotation marks omitted)).

### 2. The Statement Is Deceptive and Misleading

The Third Circuit evaluates 15 U.S.C. § 1692e claims of false, deceptive, or misleading representations[2] under the "least sophisticated debtor [or consumer]" standard. Brown v. Card Serv. Ctr., 464 F.3d 450, 453-54 (3d Cir. 2006). This is a low standard. As the Brown court observed,

> The least sophisticated debtor standard requires more than "simply examining whether particular

---

[2] While the terms "false" and "misleading" are generally understood according to common usage, "deceptive" refers to language that "can be reasonably read to have two or more different meanings, one of which is inaccurate." Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006) (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)).

> language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. [Wilson v. ] Quadramed[ Corp.], 225 F.3d [350,] 354 [(3d Cir. 2000)] (internal quotation marks and citation omitted). This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect "all consumers, the gullible as well as the shrewd," "the trusting as well as the suspicious," from abusive debt collection practices.

Id. at 454. At the same time, the standard "does not go so far as to provide solace to the willfully blind or non-observant." Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008). It works to "prevent[] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Brown, 464 F.3d at 454 (quoting Quadramed Corp., 225 F.3d at 354-55) (internal quotation marks omitted).

Defendant maintains that, rather than deceiving or misleading, the statement "objectively informs consumers of the Creditors' filing duty and of the tax obligation that the consumer could incur." Mot. Dismiss 10. It "accurately notifies consumers of a potential consequence of their choice." Id. at 11. If Defendant were to include all possible identifiable events and exceptions that might apply, it would only "unnecessarily confuse and mislead consumers." Id.

First, Defendant is correct that modifying the statement to include the seven reporting exceptions, 26 C.F.R. § 1.6050P-1(d), and the eight types of qualifying identifiable events, § 1.6050P-1(b)(2), would serve only to confuse the least sophisticated debtor. However, Plaintiffs do not suggest taking this extreme measure. Plaintiffs' point is simply that "the declarative, unqualified statement"--which gives no indication that the debtor might fit into a recognized exception--is deceptive or misleading. Compl. ¶ 24. The statement would not be cured by inserting complicated regulations; instead, it need only raise the debtor's awareness that potentially applicable exceptions exist.[3]

Second, the question arises whether the letter's inclusion of the statement is itself deceptive or misleading.[4] While the Court assumes the least sophisticated debtor knows that "the IRS expects proper forms to be filed," Mot. Dismiss 17, and that Defendant does not "somehow influence[] IRS

---

[3] Plaintiffs have offered such a statement: "Under certain limited circumstances, your creditor may be required to file a form 1099C with the IRS when a debt is canceled or settled. Such a form is not required every time a debt is canceled or settled, and might not be required in your case." Resp. Opp'n Mot. Dismiss 15 n.6.

[4] The Court does not consider Defendant's intentions in including this language. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) ("The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation.").

action," id., Plaintiffs nonetheless reasonably worry about the effect the statement is likely to have on these debtors. The mere invocation of the IRS reasonably "suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more." Compl. ¶ 26. Defendant's characterization of the statement as a helpful notification regarding the potential consequences of a debtor's choice is less than convincing. Defendant concedes that the "consumer's tax obligation does not change whether or not the Creditors file Forms 1099-C and whether or not [Defendant] informs the consumer of the Creditors' obligation." Mot. Dismiss 17. In addition, Defendant's counsel admitted at oral argument that the statement is not a required disclosure. Neither is it related to Defendant's responsibilities as debt collector--indeed, it is the creditor who files 1099-C forms, not the collector. These factors raise the question of why Defendant included the statement in the first place. Drawing all reasonable inferences in favor of the non-moving party, the Court can properly infer that the statement is a "collection ploy." Compl. ¶ 26. Specifically, "the least sophisticated consumer may reasonably believe that in order not to be reported to the IRS, he or she must pay enough on the alleged debt so that a balance of less than $600.00 remains regardless of whether the event is

reportable, or any exception applies." Resp. Opp'n Mot. Dismiss 17. Or, the debtor might believe that, in light of the reporting requirement, Defendant would refuse to forgive a debt greater than $600. In other words, there is a risk that the statement improperly increases collections by falsely representing the law in violation of 15 U.S.C. § 1692e and e(10). Again, drawing all reasonable inferences in favor of Plaintiffs, the statement is deceptive and misleading.[5]

---

[5] Defendant defends the statement by distinguishing between <u>filing</u> a 1099-C form and <u>reporting</u> certain amounts on the form: because all forgiven indebtedness (including interest, etc.) over $600 must result in a 1099-C <u>filing</u>, the statement is technically correct, even though the exceptions reduce what must be <u>reported</u> on that form. Mot. Dismiss 14-16. This is a specious distinction. Defendant neglects to point out that the key regulatory mandate for filing the 1099-C form explicitly references the reporting exceptions. <u>See</u> 26 C.F.R. § 136050P-1(a)(1) ("<u>Except as provided in paragraph (d) of this section</u>, any applicable entity . . . that discharges an indebtedness of any person . . . of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service." (emphasis added)). This very section is titled "Reporting requirement," which belies Defendant's claim that there is any meaningful distinction between the terms "reporting" and "filing." <u>See id.</u> The Court's review of the additional documents Defendant cites does not change its conclusion. <u>See</u> 61 Fed. Reg. 262, 265 (Jan. 4, 1996); Mot. Dismiss Ex. C, 2014 Instructions for Forms 1099-A and 1099-C, at 2, 4-5. Accordingly, Defendant's attempt to distinguish a similar case in this district fails. <u>See</u> <u>Wagner v. Client Servs., Inc.</u>, No. 08-5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009) (denying motion to dismiss where the challenged statement used the word "report" rather than "file").

### 3. The Statement Is Material

Defendant argues that, even if the challenged statement were false, deceptive, or misleading, it is nevertheless immaterial and therefore Plaintiffs' claim should be dismissed. Mot. Dismiss 18. Although the Third Circuit has not, to date, provided guidance on how exactly materiality relates to an FDCPA claim, the Court need not consider this question. As Defendant concedes, "a statement cannot mislead unless it is material." Id. (quoting Jensen v. Pressler & Pressler, LLP, No. 13-1712, 2014 WL 1745042, at *5 (D.N.J. Apr. 29, 2014) (quoting Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009))). As discussed above, the Court infers that the statement misleads; therefore, it is also material--Defendant's arguments notwithstanding.

### 4. Plaintiff Good Has a Claim

Defendant offers Plaintiff Good's credit card statements to show that his principal amount is far above the $600 threshold; thus, "cancellation of Mr. Good's debt would necessarily constitute a cancellation of principal and American Express would be required to file a Form 1099-C." Id. at 22. In other words, the challenged statement would be literally true with respect to Good, so his claim should be dismissed. Id. This line of reasoning is incorrect. First, the letter that Good received makes no mention of debt cancellation--it rather

14

notifies him that his account balance has been referred to Defendant for collection. Compl. Ex. B. It remains to be seen whether Defendant will offer to forgive more than $600, or any portion, of the debt. Therefore, at least in relation to Good, the question revolves around whether the statement deceives or misleads, not whether it is true or false. Second, the question of whether the statement is false, deceptive, or misleading under the FDCPA must be answered from the perspective of the least sophisticated debtor, which entails applying an objective--not a subjective--standard to the facts at hand. The Court has conducted its analysis under this standard; it need not assess whether Good was actually deceived or misled. For these reasons, the literal truth of the statement, as it relates to Plaintiff Good, is irrelevant.

. . . .

In sum, the Court applied the proper standard of review to Defendant's motion to dismiss, drawing all reasonable inferences in favor of Plaintiffs. The Court finds that the challenged statement does not accurately reflect the relevant law; in this respect, it is not true. In addition, the statement's invocation of the IRS is deceptive and misleading. Considering these factors together, Plaintiffs have pleaded sufficient factual allegations to successfully state their

claim. See Mushinsky v. Nelson, Watson & Assocs., LLC, 642 F. Supp. 2d 470, 472 (E.D. Pa. 2009) (noting, in denying a motion for judgment on the pleadings in an FDCPA suit, that "the central question is whether the facts in [the plaintiff's] complaint, if proven, could support a jury's conclusion that the hypothetical least sophisticated debtor would be deceived or misled").

**IV.  CONCLUSION**

For the foregoing reasons, the Court will deny the Defendant's motion to dismiss. An appropriate order follows.