IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY GOOD et al., : | CIVIL ACTION |
| : | No. 14-4295 |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| NATIONWIDE CREDIT, INC., : | |
| : | |
| Defendant. : | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

On July 16, 2014, Bradley Good and Edward K. Soucek ("Plaintiffs" or "Class Representatives") filed a Complaint ("Lawsuit"), asserting claims against Nationwide Credit, Inc. ("NCI"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. By Order and Opinion dated October 24, 2014 (Doc. Nos. 20, 21), the Court denied NCI's Motion to Dismiss the Complaint. NCI, in its Answer, denied all liability alleged in the Lawsuit and alleged Affirmative Defenses.

After dispositive motion practice, discovery, and extensive arms-length negotiations, the Parties entered into an Amended Class Action Settlement Agreement (hereinafter referred to as the "Amended Agreement"), which is subject to review under Fed. R. Civ. P. 23. The proposed amended class action settlement relates to all claims in the Lawsuit.

On or about October 30, 2015, the Plaintiffs filed the Amended Agreement, along with an Amended Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the

"Amended Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the record reflects that NCI served written notice of the proposed amended class settlement on appropriate authorities on November 9, 2015.

On November 4, 2015, upon consideration of the Amended Preliminary Approval Motion and the record, the Court entered an order of preliminary approval of amended class action settlement and a preliminary determination of class action status (hereinafter referred to as the "Preliminary Approval Order") (Doc. No. 47). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) made a preliminary determination (for settlement purposes) that the elements for class certification under Fed. R. Civ. P. 23 had been met; (ii) preliminarily approved the proposed amended settlement; (iii) preliminarily appointed plaintiffs Bradley Good and Edward K. Soucek as the Class Representatives; (iv) preliminarily appointed Flitter Milz, P.C.[1] and the Sabatini Law Firm, LLC as counsel for the Class; (v) set the date and time of the Fairness Hearing; and (vi) directed the sending of notice to the Class.

---

[1] Effective November 1, 2015, Flitter Lorenz, P.C. is now known as Flitter Milz, P.C.

On January 25, 2016, a Motion for Final Approval of Class Action Settlement and Class Certification (Doc. No. 51) was filed; (hereinafter referred to as the "Final Approval Motion").

On February 8, 2016, after notice was sent, a Fairness Hearing was held pursuant to the terms of the Notice and Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the requirements for class action treatment and whether the proposed amended settlement is fundamentally fair, reasonable, adequate, in the best interest of the settling class members and should be finally approved by the Court (Doc. No. 52).

The Court has read and considered the Amended Agreement and record.

**AND NOW,** on this **14th** day of **March, 2016,** IT IS HEREBY **ORDERED** as follows:

1. All capitalized terms used herein have the meanings defined herein and/or in the Amended Agreement.

2. The Court has jurisdiction over the subject matter of the Class Action and over all settling parties hereto.

3. <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby finally certified as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons with addresses in the Commonwealth of Pennsylvania who were sent one or more letters from Defendant Nationwide that stated GE Capital Retail

Bank, Synchrony Bank,[2] or American Express "is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more," or a substantially identical statement, where the underlying debt being collected was incurred primarily for personal, family or household use, the letter(s) bear(s) a send date from July 16, 2013 through July 1, 2015 and the letter(s) were not returned as undeliverable.

4. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally appoints Plaintiffs Bradley Good and Edward K. Soucek as the Class Representatives and the law firms of Flitter Milz, P.C., and Sabatini Law Firm, LLC, as Class Counsel.

5. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.    At approximately 15,225 individuals, the Class Members are so numerous that joinder of all of them in this Lawsuit is impracticable;

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions. The common questions include:

- Whether Defendant made false, deceptive or misleading representations in connection with the collection of a debt in violation of § 1692e;

---

[2] GE Capital Retail Bank changed its name to Synchrony Bank effective June 2, 2014.

- Whether Defendant engaged in a false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. § 1692e(10);

- Whether the letter misstates the requirements of the IRS regulations;

- Whether Defendant's reference to the "Internal Revenue Service" in its collection dun constitutes a deceptive collection practice; and

- Whether, and in what amount, Plaintiffs are entitled to statutory damages under the Act for Defendant's alleged violation.

In defense, NCI states that it acted lawfully, and that its collection letter was truthful and not deceptive, and fully complied with § 1692e of the Fair Debt Collection Practices Act.

   C. The claims of the Plaintiffs are typical of the claims of the Class Members. All were subjected to the same practice;

   D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

   E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

   6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Amended Agreement, is in all respects fundamentally fair, reasonable, adequate, and in

the best interests of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the statutory ceiling on any potential recovery for the class. 15 U.S.C. § 1692k(a)(2).

       7.    <u>NOTICES</u> – Pursuant to the Court's Preliminary Approval Order, the approved class action notice was mailed to the Class Members. An Affidavit of the Class Administrator has been received of record. The forms and methods for notifying the Class Members of the amended settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the Notice was clearly designed to and did advise the Class Members of their rights.

       8.    <u>SETTLEMENT TERMS</u> – The Amended Agreement, which is attached to Plaintiffs' Motion for Final Approval, shall be deemed incorporated herein, and the proposed amended settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Amended Agreement.

       9.    <u>ATTORNEY FEES</u> – The Court has considered Class

Counsel's application for counsel fees and costs. The costs for which reimbursement is sought appear to be fair and reasonable and have been agreed to by the parties. Class Counsel's fees and costs are approved in the aggregate amount of $125,000.00, which shall be paid by NCI pursuant to the Amended Agreement, separate and apart from and in addition to the amended class settlement fund.

      10.   OBJECTIONS AND EXCLUSIONS – The Class Members were given an opportunity to object to the amended settlement. Zero (0) Class Member(s) objected to the amended settlement. The Class Members were also given an opportunity to exclude themselves from the amended settlement. Three (3) Class Member(s) excluded themselves from the amended settlement. A list of opt-outs is set forth in the Settlement Administrator's Declaration filed at Doc. No. 51-8 at ¶ 14. Those individuals are not bound to this amended settlement or this judgment.

      11.   This order is binding on all Class Members, except those who excluded themselves.

      12.   RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Amended Agreement. Pursuant to the release contained in the Amended Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with

prejudice by virtue of these proceedings and this order, except as to executory obligations required by the Amended Agreement.

   13. The within matter shall be marked dismissed with prejudice.

   14. The Court hereby retains continuing jurisdiction over the Parties and all matters relating to the Lawsuit and/or Amended Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the amended settlement and this order for a period of one year from the date of this Order.[3]

   **IT IS SO ORDERED.**


            **/s/ Eduardo C. Robreno**
            **EDUARDO C. ROBRENO,   J.**

---

[3]  This period may be extended upon timely request of the parties and approval of the Court.